UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

R. CEASAR

VERSUS

REVATHI HINES

CIVIL ACTION

NUMBER 11-383-JJB-SCR

**RULING**

Pro se plaintiff Ronnie R. Ceasar, filed the Complaint presumably pursuant to 42 U.S.C. § 1983 against numerous professors and administrators at Southern University based on allegedly giving the plaintiff poor or failing grades and then not adjusting those grades when he complained about them. Plaintiff alleged the grades and the defendants' actions were based on race and age discrimination, retaliation for filing an administrative grievance against one of the defendants and a verbal confrontation with an instructor, and were an effort to silence him as an outspoken doctorate student. Plaintiff sought relief in the form of actual and punitive damages and injunctive relief.

Plaintiff was previously sanctioned in this court for filing frivolous litigation, including litigation similar to this Complaint. *Ronnie R. Ceasar v. Douglas G. Holt*, CV 05-1402-C-1 (M.D.La. 2006).[1] The sanction imposed was as follows: "IT IS

---

[1] That complaint was also based, in part, on being given failing grades which resulted in the plaintiff being suspended from the graduate school program. Plaintiff alleged that he was subjected to race, sex and age discrimination as well as denial of due process during the grade appeal process. See CV 05-1402, record document number 14, Magistrate Judge's Report.

ORDERED that pursuant to 28. U.S.C. § 1651, plaintiff, Ronnie R. Ceasar, is hereby barred from filing any future complaints in this court without leave of court and without prepayment of the filing fee."[2] Plaintiff appealed the dismissal of his complaint and the sanction imposed in that case. Both the dismissal and the sanction were affirmed by the Fifth Circuit Court of Appeals.[3]

Plaintiff did not obtain leave of court to file this civil action and he did not pay the filing fee.

On September 16, 2011, the plaintiff's Motion for Leave to Proceed In Forma Pauperis was denied and the plaintiff was granted 14 days to pay the full filing fee. Plaintiff was placed on notice that the failure to timely pay the full filing fee would result in the plaintiff's Complaint being dismissed.

A review of the record showed that the plaintiff failed to pay the filing fee. Therefore, the plaintiff's Complaint shall be dismissed without prejudice.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, October 11, 2011.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

[2] CV 05-1402, record document number 19.

[3] *Id.*, record document number 31.